**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jim Collins, | No. CV-24-02096-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Claire Miller, et al., | |
| Defendants. | |

Before the Court is Plaintiff Jim Collins's Motion to Extend Time for Service of Process (Doc. 20). The Motion asks the Court for an additional thirty days to serve Defendants Frans Tax and Daniel Sadoway. (*Id.* at 1.) The Motion explains Defendants Tax and Sadoway have already been properly served, but it asks for a thirty-day extension because Plaintiff believes both Defendants will dispute the validity of their service. (*See id.* at 2-3, 5.)

Plaintiff filed his Complaint (Doc. 1) in the Arizona Superior Court on May 03, 2024. (Doc. 1-1 at 38-62.) After Plaintiff nearly missed his first deadline to serve process, the Arizona Superior Court granted him a ninety-day extension. (*See id.* at 75.) That extended deadline expired on October 30, 2024. (*See* Doc. 20 at 4.)

Defendant Tax was served process on October 29, 2024. (*See id.* at 2; Doc. 21.) On that date, a process server went to Defendant Tax's residence and left "a copy of the summons, complaint, and first amended complaint" with Defendant Tax's son. (*See* Doc. 20 at 2.) The son "confirmed that he was over the age of 18 and that he resided at the

1 residence with his father and mother" before receiving service. (*See id.*) The process server who left the documents with Defendant Tax's son completed a certificate of service attesting to these events. (*See* Doc. 21.)

Defendant Sadoway was then served process on October 30, 2024. (Doc. 20 at 4.) On that date, a process server went to Defendant Sadoway's work and left "[a] copy of the complaint and summons" with an employee who stated they were "authorized to accept service" for Defendant Sadoway. (*See* Doc. 20 at 4; Doc. 22.) An affidavit attesting to these events was signed by the process server who left the documents at Defendant Sadoway's work. (Doc. 22.)

Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to effectuate service of process within ninety days after filing their complaint. If a plaintiff does not meet the ninety-day window, "Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (internal citations omitted).

Avenues of relief under Rule 4(m) are only available when a plaintiff has not effectuated service within the required deadline. *See id*. Defendants Tax and Sadoway were served process on or before October 30, 2024. (*See* Doc. 20 at 2, 4; *see also* Docs. 21, 22.) Thus, Plaintiff does not need a thirty-day extension because it appears that both Defendants were served before the deadline provided by the Arizona Superior Court. (*See* Doc. 1-1 at 75; Docs. 21, 22.)

In addition, "[t]he burden of establishing good cause under Fed. R. Civ. P 4(m) is on the plaintiff." *Navarro v. United States*, CV-23-01239-PHX-DMF, 2024 WL 3498361, at *5 (D. Ariz. Apr. 25, 2024) (citing *Boudette v. Barnette*, 923 F.2d 754, 755 (9th Cir. 1991)). And here, the Motion does not provide any specific reasoning for why a thirty-day extension is needed. Instead, it merely states both Defendants have engaged in misconduct in the past, and Plaintiff therefore believes they will likely engage in misconduct again to

1  dispute the validity of their service. (*See* Doc. 20 at 2-4.) The Motion, however, does not
2  provide any evidence to support Plaintiff's belief that misconduct has or will occur.
3  Therefore, Plaintiff's belief is nothing more than a bare allegation of wrongdoing that is
4  insufficient to establish good cause. *See Hearst v. West*, 31 Fed. Appx. 366, 368-69 (9th
5  Cir. 2002). Without good cause, there is no requirement for the Court to extend the deadline
6  for service. *See Lemoge*, 587 F.3d at 1198.

7  Finally, the Court declines to exercise its discretion to extend service thirty more
8  days. *See id.* A person of suitable age and residence accepted service on behalf of
9  Defendant Tax. (*See* Doc. 20 at 2; Doc. 21.) And a process server left "[a] copy of the
10 complaint and summons" with an employee who stated they were "authorized to accept
11 service" for Defendant Sadoway." (*See* Doc. 20 at 4; Doc. 22.) If either Defendant believes
12 their service was improper, they can dispute that issue at a later date.

13 Accordingly,

14 **IT IS ORDERED** denying Plaintiff's Motion (Doc. 20).

15 Dated this 4th day of December, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge